UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CARGILL, INCORPORATED

VERSUS

ERIC HEBERT, ET AL.

CIVIL ACTION

NO. 12-543-JJB

### RULING ON MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND IMPROPER VENUE

This matter is before the Court on a Motion to Dismiss for Lack of Subject Matter Jurisdiction and Improper Venue (Doc. 24) by the Defendants, Eric Hebert, Tina Latiolais Hebert, Shane P. Hebert, Susan Lacombe Hebert, and Hebert Farms Partnership. The Defendants filed a memorandum in support of their motion (Doc. 25), Plaintiff Cargill, Incorporated filed an opposition (Doc. 28), and the Defendants filed a memorandum in response (Doc. 30).[1] Oral argument is not necessary.

I.  Background

The following facts come from the complaint (Doc. 1) and exhibits attached to the complaint, or are undisputed by the parties. Cargill previously obtained an arbitration award against Hebert Farms Partnership for $131,524.99, plus interest at a rate of 4.5%, from June 2, 2010, and continuing until paid in full. This Court confirmed the award. This Court also awarded Cargill $21,114.77 in attorney's fees. Hebert Farms Partnership currently owes Cargill $170,395.63.[2] Cargill filed this suit to obtain a judgment for payment of this amount from the partners of Hebert Farms Partnership: Eric Hebert, Tina Latiolais Hebert, Shane P. Hebert, and Susan Lacombe Hebert ("the partner-Defendants"). Eric Hebert and Tina Latiolais Hebert are

---

[1] In future briefs, Defense counsel should include pinpoint citations and comply with the Bluebook.
[2] The Defendants assert that the judgment currently totals $152,639.66. This figure is incorrect, because it does not include interest.

1

married to each other, as are Shane P. Hebert and Susan Lacombe Hebert. Under the Hebert Farms Partnership Agreement, signed during the partners' respective marriages and while the partners were living in Louisiana, each of the four partner-Defendants has a twenty-five percent interest in Hebert Farms Partnership. The Partnership Agreement specifically states that the partners of Hebert Farms "shall bear the losses and expenses of the partnership in proportion to their percentage of ownership."

## II. Subject Matter Jurisdiction

The parties disagree over whether Cargill's claims satisfy the diversity jurisdiction amount in controversy requirement. Cargill argues that despite the fact that the complaint claims each partner-Defendant is liable for twenty-five percent of Hebert Farms' liabilities, a claim against one partner-Defendant can be aggregated with the claim against that partner-Defendant's spouse, allowing for liability per partner-Defendant of fifty percent of the money owed—$85,000—and satisfying the amount in controversy requirement. Cargill asserts that this is because the marriages of the partner-Defendants make their responsibilities under the Partnership Agreement community obligations for which each spouse is solidarily liable.

The Defendants argue that because the separate property of the spouse who did not incur the community debt is not answerable to satisfy the community debt, the debt is not truly solidary. The Defendants provide authority stating that the amount in controversy is determined by the amount involved in a particular case, and not by any contingent loss either one of the parties may sustain as a result of a judgment, however certain it may be that the loss will occur. Accordingly, they argue that even if the non-incurring spouse of a partner could be held liable in solido for a partnership debt incurred by the other spouse, this may not be used to determine the

2

amount in controversy. They further assert that Cargill has only sued for the virile share of each partner-Defendant, and the sum actually demanded is the amount in controversy.

Cargill responds that the fact that the additional twenty-five percent liability resulting from the partner-Defendants' marriages may only be satisfied from the community assets and separate assets of the liable partner-Defendant is a distinction without a difference. Cargill asserts that even though only certain assets may be seized and sold to satisfy a particular debt, this is a separate issue from liability and does not extinguish liability.

The amount in controversy must exceed $75,000 for a district court to have diversity jurisdiction. 28 U.S.C. § 1332(a). The amount in controversy "is determined by the amount involved in the particular case, and not by any contingent loss either one of the parties may sustain by the probative effect of the judgment, however certain it may be that such loss will occur. *New England Mortg. Sec. Co. v. Gay*, 145 U.S. 123, 130 (1892). "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

> The general rule with respect to the aggregation of the claims of a plaintiff against two or more defendants is that where a suit is brought against several defendants asserting claims against each of them which are separate and distinct, the test of jurisdiction is the amount of each claim, and not their aggregate.

*Jewell v. Grain Dealers Mut. Ins. Co.*, 290 F.2d 11, 13 (5th Cir. 1961). However, claims against two or more defendants can generally be aggregated for the purpose of attaining the jurisdictional amount if the defendants are liable in solido to the plaintiff. *Martin v. D.R. Horton, Inc.*, No. 07-940, 2008 U.S. Dist. WL 4693397, at *3 (M.D. La. Oct. 23, 2008). "An

3

obligation incurred by a spouse during the existence of a community property regime for the common interest of the spouses or for the interest of the other spouse is a community obligation." La. Civ. Code art. 2360.  When a debt incurred is a community obligation, the non-obligor spouse is liable in solido for the obligation.  *Lafayette Ins. Co. v. Pennington*, 2007-42,434, p. 4 (La. App. 2 Cir. 9/19/07); 966 So. 2d 136, 138; *Resolution Trust Corp. v. Dubois*, 771 F. Supp. 154, 158 (M.D. La. Aug. 16, 1991).

Any liability in this case will be a community obligation shared between each partner-Defendant and his or her non-obligor spouse, so each spouse will be liable in solido for any judgment against his or her partner-Defendant spouse.  Since each partner-Defendant will be liable in solido for any judgment against his or her spouse, the claimed amounts against each partner-Defendant can be aggregated with the amount claimed against his or her spouse for the purpose of attaining the jurisdictional amount.  Cargill asserts claims against each partner-Defendant for twenty-five percent of the judgment award against Hebert Farms Partnership, as well as interest, costs, and attorney's fees.  Solidary liability raises the amount in controversy for purposes of attaining the jurisdictional amount to fifty percent of the judgment award, interest, costs, and attorney's fees for each partner-Defendant.  Fifty percent of total amount owed—$170,395.63—is $85,197.82.[3]  This amount exceeds $75,000, and therefore satisfies the amount in controversy requirement for diversity jurisdiction.

The fact that the complaint quotes the Partnership Agreement as stating that each partner shall bear the losses and expenses of the partnership in proportion to percentage of ownership, effectively claiming that each partner must pay twenty-five percent of what is owed rather than a higher percentage or figure, does not prevent aggregation or stop Cargill from achieving the

---

[3] This is the amount involved in this particular case, not a contingent loss either one of the parties may sustain by the probative effect of the judgment.

amount in controversy.  A claim against a solidarily liable defendant does not have to exceed the required amount in controversy prior to aggregation.  *Martin*, 2008 U.S. Dist. WL 4693397, at *3.  If it did, aggregation could not be used to attain the required amount.  *Id.*

The Court has diversity jurisdiction, so supplemental jurisdiction need not be addressed.

### III.     Venue

The Defendants argue venue is not proper in this Court because the Defendants reside in St. Landry Parish, Louisiana and the event giving rise to the claim is the confection of the Partnership Agreement, which occurred in St. Landry Parish.  Since St. Landry Parish is not in this district, they argue this Court lacks venue.  Cargill responds with a number of arguments, including that Hebert Farms' failure to pay the previous judgment serves as the basis and condition precedent for the claims in the instant proceeding.

"A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."  28 U.S.C. § 1391(b)(2).  The United States District Court for the Middle District of Louisiana confirmed the arbitration award for Cargill and against Hebert Farms.  This lawsuit is based upon Hebert Farms' failure to pay that award.  Therefore, at least a substantial part of the events or omission giving rise to the claims occurred in this district.

### IV.     Conclusion

The Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Improper Venue (Doc. 24) is **DENIED**.

Signed in Baton Rouge, Louisiana, on July 31, 2013.

_____
**JAMES J. BRADY, DISTRICT JUDGE**

5